Victor de Gyarfas (State Bar No. 171950)
Email: vdegyarfas@foley.com
Galen Yu (State Bar No. 297098)
email:  gyu@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone:  213-972-4500
Facsimile:   213-486-0065

Attorneys for Better Care Plastic Technology Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BETTER CARE PLASTIC TECHNOLOGY CO., LTD.**, a Limited Liability Chinese Company,<br><br>Plaintiff,<br><br>v.<br><br>**GREDALE, LLC**, a Maryland limited liability company,<br><br>Defendants. | Case No:  5:21-cv-00216<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL UNFAIR COMPEITION**<br><br>**2. FALSE ADVERTISING**<br><br>**3. UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Better Care Plastic Technology Co., Ltd., ("Better Care" or "Plaintiff") by and through its attorneys, allege as follows:

### JURISDICTION AND VENUE

1. Among other claims, Plaintiff asserts violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related state law claims.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

2. This Court has personal jurisdiction over the Defendant, Gredale LLC ("Gredale" or "Defendant") and venue is proper in this Judicial District pursuant to 28

1

U.S.C. §§ 1391.  Plaintiff is informed and believe, and on that basis alleges, that Defendant has conducted and continue to conduct business in this District and has engaged in the complained of activities in this Judicial District.

## THE PARTIES

3.     Plaintiff Better Care is a limited liability Chinese company with its principal place of business in China at Fuqian Xi Road, West district of Shenze Industrial Base, Shenze County, Hebei Shenze CN-13 Hebei 050000 CN, with a U.S. agent having a place of business in California at 3927 Schaefer Ave., Chino, CA 91710.

4.     Plaintiff is informed and believes, and on that basis allege, that Defendant Gredale is a Maryland LLC with a principal place of business located at 2823 E. 11th Street, Los Angeles, CA 90023.

5.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has ongoing and systematic contacts with this Judicial District, and has placed the products at issue in this litigation into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

6.     Plaintiff is informed and believe, and on that basis alleges, that this Judicial District is a hub from which Defendant implements the importation, purchase, use, marketing, sale and/or offer for sale of the products at issue identified herein.

## FACTUAL BACKGROUND

7.     Personal Protective Equipment ("PPE") is equipment worn to minimize exposure to hazards that cause serious workplace injuries and illnesses.  In the current COVID-19 pandemic, the necessity for, and sales of PPE have skyrocketed.  Among other things, the need for PPE such as patient examination gloves has increased dramatically.

8.     Each person who wants to market in the United States, a Class I, II, and III device intended for human use, for which a Premarket Approval application (PMA) is not required, must make a 510(k) submission to the Food and Drug Administration ("FDA") unless the device falls under certain exemptions not relevant here.  The requirements for a

4838-3989-4745.3

510(k) submission are described in 21 C.F.R. § 807 Subpart E.  Before marketing a device, each submitter must receive an order, in the form of a letter, from FDA which finds the device to be substantially equivalent and states that the device can be marketed in the U.S.  Such an order "clears" the device for commercial distribution.

9. Plaintiff is the owner of 510(k) number K101595 (for patient examination gloves).  Plaintiff is also the sole authorized manufacturer and importer of the gloves in the U.S. manufactured under that 510(k) number.

10. Defendant registered with the FDA as a "repackager/relabeler" of patient examination gloves and has listed them under the Name "Stop C-19 – Polymer Patient Examination Glove" under Better Care's 510(k) number K101595.  *See* listing at https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfRL/rl.cfm?lid=706513&lpcd=LZA, shown below:



11. Defendant's information provided on https://www.accessdata.fda.gov/

4838-3989-4745.3

scripts/cdrh/cfdocs/cfRL/rl.cfm?rid=245112 is shown below:



12. Plaintiff has not authorized Defendant to make use of its 510(k) number. Neither has Plaintiff distributed or authorized the distribution of patient examination gloves to Defendant.

13. Defendant has also created and distributed in interstate commerce a commercial advertisement about its patient examination gloves, in the form of a "Stop C-19" product brochure, which includes a copy of the 510(k) summary clearance letter for K101595, indicating that patient examination gloves sold by Defendant in interstate commerce are manufactured under the clearance letter for K101595. Defendant's statement that its patient examination gloves are authorized under K101595 is literally

4838-3989-4745.3

false and Defendant knew of the falsity of the statement when it made the statement, yet Defendant willfully made that statement.

14. Defendant is intentionally attempting to, and succeeding in deceiving and creating a false impression among a substantial segment of potential consumers that its gloves are demonstrated to be safe and effective under Plaintiff's 510(k) number, and that Defendant's patient examination gloves are sponsored or approved by Plaintiff.

15. Defendant's deception is material in that it is likely to influence consumer's purchasing decisions because a substantial segment of potential consumers want to buy 510(k) approved patient examination gloves.

16. Plaintiff is informed and believes and upon that basis alleges that, consumers of Defendant's patient examination gloves marketed under K101595 relied on Defendant's statement that Defendant's patient examination gloves are authorized under K101595. Because Defendant's patient examination gloves are not actually authorized under K101595, consumers have been injured when they purchased unauthorized patient examination gloves based on their reliance on Defendant's statements that its patient examination gloves are authorized under K101595.

17. Defendant was warned to stop its illegal acts in a letter from Plaintiff's counsel dated December 23, 2020, but Defendant never responded to that letter or stopped its illegal acts complained of herein.

18. As a result of Plaintiff's intentionally deceptive acts, Plaintiff has been or is likely to be competitively injured as a result of Defendant's sales and advertising in that Plaintiff's ability to compete with Defendant will be harmed and Plaintiff will suffer a loss of goodwill.

## CLAIM 1: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this complaint as though fully set forth herein.

5

20. Lanham Act § 43(a), 15 U.S.C. § 1125(a), provides in relevant part:

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

21. Without right, license, or authorization from Plaintiff, Defendant has willfully and falsely registered its patient examination gloves with the FDA under Plaintiff's 510(k) number K101595, and advertised and sold its patient examination gloves to consumers under Plaintiff's 510(k) number K101595 in violation of 15 U.S.C. § 1125(a).

22. Plaintiff has been, and will continue to be, seriously and irreparably damaged unless Defendant is preliminarily and permanently enjoined from registering, selling, and advertising its patient examination gloves under Plaintiff's 510(k) number K101595. In addition, by reason of Defendant's actions, Defendant has unlawfully profited, and Plaintiff has been damaged, in amounts which have not yet been fully determined.

23. Plaintiff is entitled to Defendant's profits and to recover its damages, its

attorneys' fees, and costs, and disbursements incident to its claim of statutory unfair competition.

## CLAIM 2: FEDERAL FALSE ADVERTISING
### (15 U.S.C. § 1125(a))

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. Defendant made a false or misleading statement of fact in a commercial advertisement about its patient examination gloves when it stated that its patient examination gloves are authorized under K101595.

26. The statement that Defendant's patient examination gloves, which are sold in interstate commerce, are authorized under K101595 had the capacity to deceive a substantial segment of potential consumers, and Defendant's deception is material, in that it is likely to influence the consumer's purchasing decision because a substantial segment of potential consumers want patient examination gloves with a 510(k) certification.

27. Plaintiff has been injured as a result of Defendant's false statement in that Plaintiff lost sales that it would have otherwise made had Defendant not made its false statement.

## CLAIM 3: UNFAIR COMPETITION
### (California Business and Professions Code § 17200)

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Defendant's actions complained of constitute unfair competition under California Business and Professions Code § 17200.

30. Plaintiff is informed and believes that the foregoing unfair and deceptive conduct is ongoing and that Defendant has engaged in these practices to further his own financial gain.

31. Plaintiff, on behalf of itself and the general public, requests that an injunction issue to enjoin Defendant from continuing its unfair and deceptive practices.

32. Plaintiff, on behalf of itself and the general public, requests restitution and/or disgorgement of Defendant's profits and other ill-gotten gains wrongfully obtained through its unfair and deceptive practices.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendant as alleged in the claims above, Plaintiff respectfully prays for judgment against Defendant as follows:

A. That Defendant be adjudged to have engaged in unfair competition in violation of 15 U.S.C. § 1125(a).

B. That Defendant be adjudged to have engaged in false advertising in violation of 15 U.S.C. § 1125(a).

C. That Defendant be adjudged to have engaged in unfair competition in violation of California Business and Professions Code § 17200.

D. That Defendant's unfair competition and false advertising be adjudged willful and deliberate.

E. For an accounting for all profits of Defendant derived by reason of the acts alleged in this Complaint.

F. For an order compelling Defendant to disgorge the amounts by which it has been unjustly enriched by the acts alleged herein and restitution.

G. That Defendant and its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with it be preliminarily and permanently enjoined from:

    (1) Selling patient examination gloves registered with the FDA based on Plaintiff's 510(k) number K101595;

    (2) Advertising patient examination gloves indicating they are authorized under Plaintiff's 510(k) number K101595;

    (3) Passing off its goods and/or services as those authorized by Plaintiff;

    (4) Engaging in any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's goodwill or business

reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception; and

   (5) Unfairly competing with Plaintiff.

 H. For an order from this Court compelling Defendant to inform the FDA that it willfully and incorrectly registered its patient examination gloves under Plaintiff's 510(k) number K101595 and mail notice letters at its own expense to all distributors, dealers, accounts, salesmen, employees, jobbers, suppliers, and purchasers informing them that Defendant has committed unfair competition, and that Defendant has no affiliation, connection, or other business relationship with Plaintiff, and requesting that the letter recipients return to Defendant for full credit or refund all of Defendant's patient examination gloves sold under Plaintiff's 510(k) number K101595.

 I. For an order from this Court commanding that Defendant deliver to Plaintiffs for destruction all advertising, products, patient examination gloves, labeling, packaging, sales literature, promotional literature, owner's manuals, catalogs, displays, boxes, packages, and other trade pieces within their possession or control and which were sold under Plaintiff's 510(k) number K101595.

 J. That a constructive trust be imposed on all revenue, income and things of value derived by Defendant in the marketing and selling of patient examination gloves using Plaintiff's 510(k) number K101595.

 K. For judgment, relief, and requests as set forth in this Complaint.

 L. For an award of reasonable attorney's fees, prejudgment interest, and costs of this action.

 M. For such other, further, and different relief as the court deems proper under the circumstances.

Dated:  February 5, 2021

          /s/ *Victor de Gyarfas*
         Victor de Gyarfas
         **FOLEY & LARDNER LLP**
         ATTORNEYS FOR BETTER CARE
         PLASTIC TECHNOLOGY CO., LTD.

4838-3989-4745.3

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 5, 2021

/s/ *Victor de Gyarfas*
Victor de Gyarfas
**FOLEY & LARDNER LLP**
ATTORNEYS FOR BETTER CARE PLASTIC TECHNOLOGY CO., LTD.

4838-3989-4745.3